IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOM DAVIS TERRY,           )
                           )
            Plaintiff,     )
                           )
      v.                   )   No. 17 C 4133
                           )
MXD GROUP, INC.,           )
                           )
            Defendant.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant MXD Group, Inc.'s (MXD) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is denied.

## BACKGROUND

Plaintiff Tom Terry (Terry) is an African American who was allegedly employed by MXD as its General Manager. Terry claims that his superior, Larry Thomas (Thomas), informed him that MXD would be hiring William Badel (Badel) who is Caucasian because MXD did not want Terry to be the "face" of the company. In December 2016, Terry was allegedly demoted to Operations Manager and Badel was hired as the General Manager. Terry claims that Badel was paid a higher salary

1

despite the fact that he had less experience than Terry. Terry also claims that Badel made various insulting remarks relating to Terry's race. Badel allegedly hired David Soteo (Soteo) who is Caucasian and allowed Soteo to report directly to Badel even though he was supposed to report to Terry. Terry allegedly complained about Soteo's alleged insubordination and complained about other alleged harassment, and was subsequently informed that he would be discharged from his employment. Terry includes in his amended complaint a claim alleging discrimination based on his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 *et seq.* (Count I), a Title VII retaliation claim (Count II), and a claim alleging discrimination based on his race in violation of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* (Count III). MXD now moves to dismiss the Title VII discrimination claim to the extent that it is premised on Terry's demotion.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

2

plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

MXD contends that Terry failed to exhaust his administrative remedies in regard to his Title VII race discrimination claim to the extent that it is based upon his demotion. A plaintiff seeking to bring a Title VII claim in Illinois must first exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC). *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013). A plaintiff pursuing a Title VII claim, generally, "cannot bring claims in a lawsuit that were not included in her EEOC charge." *Id.* (internal quotations omitted)(quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). A plaintiff bringing a Title VII claim can pursue claims not specifically referenced in the EEOC charge "if they are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* (internal quotations omitted)(quoting *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011))(stating that "[t]o be like or reasonably related, the relevant claim and the EEOC charge must, at minimum, describe the same conduct and implicate the same

3

individuals").

Terry was not required to provide a complete factual recitation of all circumstances relating to his claim in his EEOC charge and Terry did in fact allege in his EEOC charge that he was discriminated against because of his race. Terry argues that he discussed his demotion in his EEOC questionnaire (Questionnaire), which would have placed MXD on notice of such a claim. The court can consider the Questionnaire based on equitable considerations. In the Questionnaire, Terry does reference his demotion, indicating that he was told that someone was going to help him get his General Manager position back. It could reasonably be expected that the alleged discrimination relating to his demotion would have grown out of an investigation of the charges presented in his EEOC charge. The claim in the EEOC charge is also reasonably related to the claim in this matter to the extent it relies upon Terry's demotion. The alleged discrimination that surrounded his demotion involves the same parties, Thomas and Badel, and alleged pattern of discrimination that Terry detailed in his EEOC charge. Terry alleged in his EEOC charge that he was discharged. In the complaint, Terry explains how that discharge allegedly stemmed from a series of events that began with his demotion, which made the General Manager position available for Badel. Terry has thus sufficiently exhausted his administrative remedies in regard to his demotion. Therefore, MXD's partial motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, MXD's partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 15, 2017